**MARYLAND CASUALTY CO. v. LACY et al.**

**No. 3011.**

Circuit Court of Appeals, Fourth Circuit.

Jan. 27, 1931.

George F. Cushwa and C. T. Reifsnider, both of Baltimore, Md. (J. O. Carr, of Wilmington, N. C., on the brief), for appellant.

E. K. Bryan, of Wilmington, N. C. (Bryan & Campbell, of Wilmington, N. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

PARKER, Circuit Judge.

This is the second appeal in this case, the opinion in the former appeal being reported in 32 F.(2d) 48. One C. W. Lacy, a road contractor, held a contract with the North Carolina highway commission for the construction of a road in Hyde county, N. C., known as project No. 151. The Maryland Casualty Company guaranteed the performance of this contract. The application for the bond contained the following stipulation:

"In event of claim or default under the bond herein applied for all payments specified in the above mentioned contract to be withheld by the obligee until the completion of the work, shall as soon as the work is completed, be paid to the company—and this covenant shall operate as an assignment thereof, * * * These covenants and also all collateral security, if any, at any time deposited with the company concerning the said bond or any other former or subsequent bonds executed for us or at our instance, shall, at the option of the company, be available in its behalf and for its benefit as well concerning the bond or undertaking hereby applied for, as also concerning all other former or subsequent bonds and undertakings executed for us or for others at our request."

There was default under the contract, and the casualty company took over the work and completed it: The payments "specified in the contract to be withheld" amounted to $10,246.79. The casualty company sustained no loss, but realized a profit on this contract; but it sustained losses on other contracts taken over at the same time in excess of $100,000, and sought to apply the profit derived from this contract on the losses sustained on the others. Ida H. Lacy, administratrix of H. D. Lacy, claimed one-half of this profit under a contract entered into between her intestate and C. W. Lacy, by the terms of which her intestate was to receive one-half of the profits. It was stipulated that this contract with plaintiff's intestate was made before the contracts under which the losses were sustained and before there was any default by the contractor C. W. Lacy. It was stipulated also that one-half of the profit realized from this contract was $5,337.40.

On the former appeal, we held that from the funds realized from contract 151 the casualty company was entitled to reimbursement for expenditures made in connection with that contract and to hold the retained percentage for application against its losses sustained under the other contracts, and that any remainder of the funds was applicable to the claim of the Murchison National Bank under an assignment held by it and the claim of the administratrix of H. D. Lacy under the contract referred to above. As the facts did not sufficiently appear upon the record then before us to enable us to determine the amount of funds applicable to their claims, or to pass upon any conflicting equities between them, the cause was remanded to the District Court, to the end that these matters might be passed upon by the District Judge.

Upon further hearing in the District Court, it was found that prior to the default under contract 151 the casualty company had released $5,338.80 of the retained percentage and was, therefore, only entitled under its

assignment to the remainder thereof or the sum of $4,907.99. The District Judge held that the company was entitled to retain this, and that the administratrix of H. D. Lacy was entitled to the difference between this amount and the sum of $9,679.35, which he found to be the profit received by the company over and above the amount necessary to reimburse it for expenditures made in completing the contract. The administratrix contends that she is entitled to this, which amounts to $4,771.36, on the theory adopted by the District Judge, and also on the theory that the retained percentage to which the casualty company was entitled under the assignment contained in the application should be limited to the percentage actually retained before there was a default and before the contract was taken over by the casualty company.

We agree with the learned judge below that the retained percentage covered by the assignment, and applicable to losses sustained on other contracts as well as on this, was the percentage computed on the entire contract price, exclusive of the final payment, and not merely the portion of the percentage actually retained prior to the default. The question as to what is covered by the assignment is to be determined, not by general equitable principles, but by a consideration of the language of the assignment itself; and this assigns "all payments specified in the above mentioned contract to be withheld by the obligee until the completion of the work." The payments specified to be withheld were 15 per cent. of the amounts of the monthly estimates. Whether the contract was completed by the principal or by the surety, this percentage was to be withheld until the completion of the contract; and this is the amount covered by the assignment.

We think, also, that in computing the amount of the "retained percentage" which the casualty company is entitled to apply on losses from other contracts, such amounts as have been retained by the highway commission, and later released by the company, should be excluded, where there is no showing that same were used in the completion of this particular contract. The assignment transferred to the company as security a certain percentage of the payments to which the contractor was entitled. When it released its claim on any part of the funds so retained, it lost its right thereto and is not entitled to a claim on other funds realized under the contract unless entitled to same on some other principle. We think, however, that the learn-

ed judge committed error in computing the amount of the retained percentage to which the company had thus forfeited its right. The total amount of the funds released by the company was not $5,338.80, but only $4,338.67; and of this amount $2,000 was not released generally, but was released to be paid into the fund which was being paid out under the joint direction of the company and the contractor for the completion of the contract. It constituted a part of the sum which the company acknowledges that it received under the contract from the highway commission. It was entitled to hold and apply this as a part of the retained percentage; and consequently the only items to be excluded are the two aggregating $2,338.67. In other words, of the funds which came into the hands of the company, $7,908.12 represented percentage required to be retained under the contract, which the company was entitled to apply against its losses on other contracts.

To this $7,908.12 should be added the sum of $25,650.56 which the company expended in completing the contract, making a total of $33,558.68 for which the company had a first lien upon the moneys which came into its hands. As the company received only $36,322.98 after eliminating the $1,543.39 to which the Murchison National Bank was entitled under its assignment, this leaves only $2,764.30 applicable to the claim of the administratrix of H. D. Lacy. The decree below will accordingly be modified by reducing the sum awarded the administratrix to $2,764.30 with interest thereon. The costs on this appeal will be divided.